**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Russell WINSTON, Defendant-Appellant.**

No. 81–5886.

United States Court of Appeals,
Sixth Circuit.

Argued June 23, 1982.
Decided Aug. 31, 1982.

J. N. Raines, Memphis, Tenn., J. Houston Gordon, Covington, Tenn., for defendant-appellant.

W. Hickman Ewing, Jr., U. S. Atty., Timothy DiScenza, Asst. U. S. Atty., Memphis, Tenn., for plaintiff-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This is an appeal from a judgment entered by District Judge Robert M. McRae following a non-jury trial in a criminal case. Judge McRae found the defendant-appellant guilty under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 of aiding and abetting in the possession of cocaine with the intent to distribute. He sentenced the defendant to one year of imprisonment with release on parole after serving one-third of the term and with a three-year special parole term to follow the one-year sentence.

Appellant was charged in one count of a four count indictment by a Federal Grand Jury for aiding and abetting Helen Couvillon in the possession of seven ounces of cocaine with the intent to distribute the substance and aiding and abetting in the distribution of the cocaine. The other three counts of the indictment charged similar offenses against Ms. Couvillon alone in one count and against Ms. Couvillon with another defendant, John Cressman, Jr., in two other counts.

Appellant waived his right to a jury trial and his case was severed from those of the other defendants. Appellant and the Government stipulated to most of the facts and to the testimony of appellant. One witness, Dr. W. C. Pigford, a Government informant, was called to testify.

At the close of the trial, the district judge entered a finding of guilty. After a separate sentencing hearing, the district judge entered the final judgment from which the present appeal is taken.

I

The facts of this case are simple and essentially undisputed. This appeal presents the purely legal question of whether the actions of the defendant amounted to aiding and abetting as a matter of law.

The defendant, who was 30 years old at the time of his trial, was an attorney. On January 22, 1981, he was called by Dr. W. C. Pigford, a long time personal friend of the family. Unknown to appellant, at that time Dr. Pigford was assisting the police in narcotics investigations.[1]

Dr. Pigford asked if appellant could help him obtain one-quarter gram of cocaine. Appellant stated that he thought he could. A second call was made to confirm the transaction and make arrangements. During the second call, appellant told Dr. Pigford to meet him at Louie's Restaurant in Memphis that evening.

That night appellant met Dr. Pigford in the restaurant and introduced him to Helen Couvillon. Dr. Pigford already was acquainted with Ms. Couvillon, but did not know her as a cocaine source. The three went outside to Dr. Pigford's automobile where Ms. Couvillon produced seven one-

---

1. Apparently Dr. Pigford agreed to assist in such investigation after he had been apprehended for drug violations.

gram, individually-wrapped packages of cocaine. She gave them to Dr. Pigford in exchange for $575. Appellant took no part in the actual exchange, but was present in the car during the entire time. In addition, he purchased one gram of cocaine from Ms. Couvillon and paid her $100 for it while the three were in the car.

Following the transaction, Dr. Pigford was informed by Ms. Couvillon that he no longer needed to contact appellant to purchase cocaine and that he could deal directly with her.

On February 9, 1981, Dr. Pigford called appellant again at the appellant's law office. This conversation was recorded by the police. Dr. Pigford told appellant that the cocaine he had received from Ms. Couvillon was acceptable and that he wanted to buy some more. Appellant informed Dr. Pigford that he should contact Ms. Couvillon and that she had some cocaine which was better than the last.

## II

■ Appellant contends that the above facts do not constitute evidence sufficient to support a guilty verdict of aiding and abetting in the distribution of cocaine.[2] He claims that he merely introduced the buyer and the seller and that he had no interest or stake in the outcome of the transaction. It is his contention that such activity does not rise to the level of participation in and association with the venture necessary to support a conviction of aiding and abetting. We disagree and affirm his conviction.

■ Any inferences that are to be drawn from the evidence must be made in the light most favorable to the Government, since we are reviewing the sufficiency of the evidence. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Our task is to decide whether a reasonable mind might find guilt beyond a reasonable doubt. *United States v. Gibson*, 675 F.2d 825 (6th Cir. 1982).

■ It is a well recognized rule that to be found guilty of the crime of aiding and abetting in a criminal venture, a defendant must " 'in some sort associate himself with the venture that he participate in it as in something he wishes to bring about, seek by his action to make it succeed.' " *Nye & Nissen v. United States*, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949), quoting Judge Learned Hand in *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir. 1938). Drawing an exact line of sufficient participation, especially in drug distribution cases, is difficult if not impossible. We conclude, however, that the conduct of appellant was over any such line that might be drawn.

■■ We reject the contention of appellant that it must be found that he had an interest or stake in the transaction before he could be convicted for aiding and abetting. *See United States v. Taylor*, 612 F.2d

---

2. We note that the judgment and commitment order states that appellant was found guilty of aiding and abetting in the possession of cocaine with the intent to distribute. The order does not state that he was found guilty of aiding and abetting in the distribution. Since appellant did not participate in the possession aspect of the offense, it is at least arguable that he cannot be convicted for aiding and abetting in the possession with the intent to distribute. *See United States v. Jackson*, 526 F.2d 1236 (5th Cir. 1976). *But see United States v. Nelson*, 563 F.2d 928, 931 n.2 (8th Cir. 1977).

In the indictment appellant was charged with both aiding and abetting in the possession with the intent to distribute and aiding and abetting in the distribution. Proof of participation in the possession aspect of the offense is not necessary for a conviction under the distribution charge. *See United States v. Stevens*, 521 F.2d

334, 337 n. 2 (6th Cir. 1975). In the order on verdict by the district court, the district judge merely stated that since "there was sufficient proof to make the defendant an aider and abetter in Count 1 of the Indictment, it is ORDERED AND ADJUDGED that the defendant is guilty as charged in Count 1 of the Indictment." Because we agree that the evidence is sufficient for conviction under the distribution charge, the verdict should stand. *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970); *United States v. Richman*, 600 F.2d 286, 298 (1st Cir. 1979). Further, it does not appear that appellant attempts to rely on such a potential flaw in the judgment and commitment order. His argument is that the evidence is not sufficient for a guilty verdict under either charge of the indictment.

1272, 1275 (10th Cir.), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1060, 62 L.Ed.2d 782 (1980). Although the existence of a stake or interest in the outcome of the transaction is a factor to be considered in an aiding and abetting prosecution, it is not a controlling factor. Requiring a participant in a criminal venture to have a stake in the outcome of the crime would limit severely the reach of the aiding and abetting offense and would restrict unduly the enforcement of laws such as those dealing with drug enforcement.

■ Moreover, it is not necessary that appellant actually touched or possessed the cocaine. *See* n. 2. It merely must be shown that appellant "act[ed] or fail[ed] to act with the specific intent to facilitate the commission of a crime by another." *United States v. Bryant,* 461 F.2d 912, 920 (6th Cir. 1972).

■ We agree with appellant that "mere presence at the scene of the crime and guilty knowledge of the crime" are not sufficient alone, *United States v. Bryant, supra,* 461 F.2d at 921, *quoting Pinkney v. United States,* 380 F.2d 882, 886 (5th Cir. 1967), *cert. denied,* 390 U.S. 908, 88 S.Ct. 831, 19 L.Ed.2d 876 (1968), and that "the defendant [must be] a participant rather than merely a knowing spectator," *id.,* before he can be convicted of aiding and abetting. We cannot agree with the factual assertion of appellant, however, that he "was merely a knowing spectator" and that "his presence at the scene of the crime was surplusage and the crime would have transpired without him."

Appellant was the catalyst who put this transaction together. In essence, he acted as a salesman for Ms. Couvillon. He set up the sale. He introduced the parties. He quoted a price to Dr. Pigford after he was told the amount of cocaine Dr. Pigford desired to purchase. The ultimate inference is that appellant acted with the specific intent to facilitate the sale of the cocaine from Ms. Couvillon to Dr. Pigford. He clearly knew what was going on, and he intended by his actions to make the illegal venture succeed. *See United States v.*

*Bryant, supra,* 461 F.2d at 911–20 (evidence sufficient to support a conviction for aiding and abetting in the sale of untaxed whiskey, but conviction reversed for inadequate jury instructions).

Appellant contends that his situation is closely parallel to the situation of one of the defendants in the decision of this court in *Morei v. United States,* 127 F.2d 827 (6th Cir. 1942). In that case, Government narcotics agents devised a plan in which informers called upon a Dr. Platt and made efforts to procure heroin from him. The doctor earlier had entered a plea of guilty to issuing fraudulent narcotics prescriptions and had been placed on probation. The informants were to try to prey upon the doctor's well known interest in horse racing in their efforts to obtain narcotics from him illegally. The Government sent two persons to the doctor's office. The mother of one of the informants had worked as a nurse for the doctor, and, in fact, the doctor knew this informant, a man named Sargent, quite well. Sargent went into the doctor's office, and when he came out with the doctor, the other informant, Beach, told the doctor that he wanted heroin to "soup" race horses. Beach testified that the doctor stated that he did not have any heroin, but that the doctor gave Beach the name of the defendant Morei and his address. Beach testified that the doctor then told him to go to Morei and tell him that the doctor had sent him and that "he will take care of you." Beach eventually purchased heroin from Morei.

On the above facts, this court held that the evidence was insufficient to justify a conviction of Dr. Platt for aiding and abetting in the distribution of narcotics. The circumstances of that case differed from the present case, however. First, the Government refused to call Sargent to the stand even though the doctor had denied making the statements attributed to him. This court stated that "under the circumstances, every inference and conclusion must weigh against the contention of the Government on this phase of the case." 127 F.2d at 830. Further, the conviction of

Morei was reversed on entrapment grounds. After Beach gave Morei the name of the doctor and asked him if he could buy some heroin, Morei went out to procure the heroin. Morei somehow found a quantity of the drug, but it is fairly clear that he had had no previous connection with drug traffic. Morei apparently procured the drug because he thought that it was a favor for his friend, Dr. Platt, and "he would do anything for Dr. Platt." *Id.* at 834.

Although this court found that the actions of Dr. Platt did not constitute "the purposive association with the venture that ... [brought] Dr. Platt within the compass of the crime of selling or purchasing narcotics, either as principal, aider and abettor, or accessory before the fact," *id.* at 832, the same cannot be said for appellant in the present case. Appellant's involvement was significantly greater than any involvement of Dr. Platt in *Morei* and much more direct.

Appellant did more than recommend a source for the illicit drug to Dr. Pigford. He actively participated in the transaction. At least at the point at which he became so involved that he brought the parties together at the restaurant and accompanied them to the car of Dr. Pigford, his involvement became sufficient to justify a conviction for aiding and abetting in the sale of cocaine. *See generally* Annotation,[3] 42 A.L.R.3d 1072 (1979).

The conviction of appellant is affirmed. No costs are taxed. The parties will bear their own costs on this appeal.

---

**3.** "Criminality of Act of Directing to, or Recommending, Source from Which Illicit Drugs May Be Purchased."