978 F.2d 1260
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen WILLIAMS, Defendant-Appellant.
 No. 92-5379.
 United States Court of Appeals, Sixth Circuit.
 Nov. 5, 1992.
 
 Before KENNEDY and MILBURN, Circuit Judges, and POTTER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Allen Williams challenges his conviction of possession of a controlled substance (cocaine base) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal, the sole issue is whether sufficient evidence was presented at defendant's trial to support his conviction. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 On June 27, 1991, Officer Kenneth Roberson of the Narcotics Division of the Shelby County, Tennessee, Sheriff's Department participated in an undercover investigation of defendant Williams. On that day, Roberson, assisted by a confidential informant, telephoned defendant and negotiated the purchase of three ounces of "crack" cocaine from defendant for $3,075.00. It was agreed that the drug transaction would be completed at 7:00 p.m. that evening at a Taco Bell restaurant on Shelby Drive in Memphis, Tennessee.
 
 
 3
 Roberson and the confidential informant drove to the restaurant at the appointed time, and they were accompanied by various other law enforcement officers who were participating in the undercover operation. Approximately 45 minutes later, defendant Williams arrived at the restaurant and sat down beside Roberson and the confidential informant. Defendant stated that "the stuff was on the way but it was going to take a while; they were cooking it up." J.A. 43. The parties then engaged in conversation which Roberson characterized as "just drug talk," i.e., "how long [defendant] had been running drugs and how much money he had made...." J.A. 44. An individual, later identified as Thomas Heffner, came over to the defendant's table and left shortly thereafter.
 
 
 4
 Subsequently, defendant used a cellular telephone which Officer Roberson had with him. After one particular call, defendant told Roberson that "they" had to move the drugs because of the presence of the police but "they were cooking it up and they will be on the way shortly." J.A. 46. During a final call made by the defendant, Roberson was allowed to talk on the telephone. He was told that the "dope was cooked up" but was "still warm and soft." J.A. 46.
 
 
 5
 Minutes later, defendant Williams walked outside the restaurant. He returned momentarily and announced "they [are] here." J.A. 48. Thereafter, Heffner and a person identified as Sherman Young entered the restaurant. Heffner went to the counter. Young pulled a plastic bag out from under his shirt, and defendant directed him to give it to Roberson. Young handed the bag to Roberson and explained that the drugs were "still warm and still soft...." J.A. 49.
 
 
 6
 As Roberson believed that the package contained "crack" cocaine, he gave the "takedown signal" to the other police officers present at the scene. Defendant and Young were arrested at that time, and Roberson handed the plastic bag to one of the other officers at the scene.
 
 
 7
 Roberson had not met defendant prior to the transaction at the Taco Bell. The confidential informant called defendant on Roberson's behalf, and Roberson was told only that he was "talking to a guy named Allen." J.A. 52. Roberson did not know how either defendant or Sherman Young got to the Taco Bell. Young gave Roberson the package after defendant identified Roberson by stating "give it to him, this is the guy." J.A. 56.
 
 
 8
 Officer Ernest Long of the Shelby County Sheriff's Department also participated in the undercover drug operation. He monitored the conversations which Roberson had at his table in the Taco Bell. Long testified that they were "just generally talking about drugs" as well as the package which was to be delivered to Roberson.
 
 
 9
 Officer Delbert Lee Galloway was stationed inside the Taco Bell. He testified that he heard defendant say "they was cooking it up and they would be here in about thirty minutes." J.A. 16. Officer Galloway testified that he observed the defendant use the cellular telephone approximately four or five times.
 
 
 10
 Detective William J. Howard was also at the scene to visually monitor the drug transaction and direct the other officers. From his vantage point in a school directly across the street from the Taco Bell, Detective Howard observed defendant arrive at the restaurant as a passenger in a mid-1980 model full-size Ford Truck. The driver of the truck let defendant out of the vehicle and drove away. Defendant entered the restaurant and went to Roberson's table. Detective Howard testified that Thomas Heffner arrived at the restaurant in an Oldsmobile. After a short period of time, Heffner left and later returned in the same vehicle followed by a Buick with several occupants. Heffner went back into the restaurant, and Sherman Young got out of the Buick and entered the restaurant less than a minute later.
 
 B.
 
 11
 On July 23, 1991, a federal grand jury for the Western District of Tennessee returned a single count indictment charging defendant with possession of a controlled substance, cocaine base, in violation of Title 21, U.S.C. § 841(a)(1). Defendant pled not guilty.
 
 
 12
 A jury trial began on September 23, 1991. At the close of the government's case, defendant made a motion for a judgment of acquittal which was denied. Following the denial of the motion for an acquittal, the defense rested. At that point, the jury received the court's charge, and the following day, September 24, 1991, the jury returned a verdict of guilty.
 
 
 13
 On December 13, 1991, defendant was sentenced to 175 months imprisonment to be followed by five years of supervised release. This timely appeal followed.
 
 II.
 
 14
 Defendant argues that the evidence presented at trial was insufficient to sustain his conviction of possession of crack cocaine with the intent to distribute under 21 U.S.C. § 841(a)(1). In determining the sufficiency of the evidence to support a guilty verdict, this court asks "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See United States v. Clark, 928 F.2d 733, 736 (6th Cir.) (per curiam), cert. denied, 112 S.Ct. 144 and 112 S.Ct. 240 (1991) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 15
 This standard applies whether the evidence relied on by the government is direct or wholly circumstantial. See United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984). Furthermore, a reviewing court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not "remove every reasonable hypothesis except that of guilt." Id. Additionally, the determination of credibility is left strictly to the jury. See United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989).
 
 
 16
 The essential elements of 21 U.S.C. § 841(a)(1) are "for any person knowingly or intentionally to ... possess with intent to ... distribute ... a controlled substance." Id. The quantity of the controlled substance possessed is not an element of the offense; it is relevant only at sentencing. See United States v. Rey, 923 F.2d 1217 (6th Cir.1991). Thus, to sustain a section 841(a)(1) conviction the evidence need only show that a measurable amount of the controlled substance was possessed. See United States v. Woods, 568 F.2d 509, 512 (6th Cir.), cert. denied, 435 U.S. 972 (1978).
 
 
 17
 Moreover, proof of actual possession with intent to distribute is not necessary to sustain a conviction under 21 U.S.C. § 841(a)(1) so long as there is proof, beyond a reasonable doubt, that a defendant aided and abetted the criminal venture. Clark, 928 F.2d at 736 (citing United States v. Winston, 687 F.2d 832, 834-35 (6th Cir.1982)). "In order to aid or abet another to commit a crime, a defendant must in some way associate himself with the venture such that his participation is intended to bring about the crime or make it succeed." Id.
 
 
 18
 In addition, constructive possession of the controlled substance will also sustain a conviction pursuant to 21 U.S.C. § 841(a)(1). See United States v. Ushery, Nos. 91-5715/5716, 1992 WL 137478, at * 4 (6th Cir. June 18, 1992). To find constructive possession, it need not be shown that an individual had physical possession of the controlled substance; rather, it need only be shown that the individual knowingly has the power to exercise a measure of dominion and control over the contraband, either directly or through others. See United States v. Draper, 888 F.2d 1100, 1103 (6th Cir.1989); United States v. Gordon, 700 F.2d 215, 217 (5th Cir.1983).
 
 
 19
 In this case, viewing the evidence in the light most favorable to the government, a rational juror could conclude that defendant aided and abetted possession of the "crack" cocaine with intent to distribute, as well as constructively possessed the "crack" cocaine. Although mere presence at the scene of a crime is not enough to constitute aiding and abetting or constructive possession, see United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir.1985); United States v. Bryant, 461 F.2d 912, 920 (6th Cir.1972), defendant set up the transaction and was present at the scene facilitating the transaction by acting as a liaison between the purchaser, Officer Roberson, and the deliveryman, Sherman Young.
 
 
 20
 Furthermore, a reasonable juror could also conclude based upon the evidence that defendant was superior to both Heffner and Young. Not only did defendant arrange the transaction and facilitate communication between the purchaser and deliverer, he was present at the scene and directed the deliveryman to give the controlled substance to Officer Roberson. Thus, based upon the evidence, a reasonable juror could conclude that defendant arranged the sale of the controlled substance, that he acted in a manner which showed that he sought to bring it about and make it succeed, and that defendant had a measure of dominion and control over the controlled substance through his ability to direct Sherman Young. Therefore, we hold that the evidence presented at trial was sufficient to sustain defendant's conviction under 21 U.S.C. § 841(a)(1).
 
 III.
 
 21
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable John W. Potter, Senior United States District Judge for the Northern District of Ohio, sitting by designation