992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles CHUBB and Phyllis McClendon, Defendants-Appellants.
 Nos. 92-3877, 92-3878.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants Charles Chubb ("Chubb") and Phyllis McClendon ("McClendon") appeal their convictions on drug-related charges on the grounds that there is insufficient evidence to support their convictions. They also contend that the district court erred when it failed to give the jury instructions that they requested.
 
 
 2
 * McClendon lived with her son in a small, four-room, one-bedroom apartment in Columbus, Ohio. During a three day period (December 18, 19, and 20, 1991), two informants for the Columbus police went to McClendon's apartment and made three controlled purchases of cocaine base (one each day) using pre-recorded funds. Neither of these informants testified at trial. On December 20, 1991, twenty minutes after the third controlled purchase, the Columbus police executed a search warrant at McClendon's apartment. Inside the apartment were Chubb, McClendon, McClendon's child, and two other individuals. The police discovered 21.1 grams of 87% cocaine base (approximately 60 pieces) on a plate on the living room coffee table. McClendon, who was unemployed, had in her possession $161.00, none of which consisted of pre-recorded cash. A search of Chubb, who was also unemployed, revealed a pager and $215.00 in cash, including $40.00 in pre-recorded funds used to make the third purchase. The police also discovered a loaded .38 caliber revolver under the couch and a loaded .44 magnum revolver on the floor near the bathroom.
 
 
 3
 On January 16, 1992, a federal grand jury sitting in Columbus returned a four-count indictment against Chubb and McClendon. Count One charged Chubb and McClendon with conspiring to distribute crack cocaine. Count Two charged Chubb with carrying a firearm, the .44 magnum, in relation to a drug trafficking crime. Count Three charged McClendon with making her apartment available for the storage and use of crack cocaine, and Count Four charged Chubb and McClendon with possession of crack cocaine with intent to distribute it.
 
 
 4
 McClendon and Chubb were tried before a jury in a two-day trial. At the close of the government's proof and again at the close of all of the evidence, Chubb and McClendon both made Rule 29 motions for judgments of acquittal on Count One, the conspiracy count, and McClendon made a Rule 29 motion on the other two counts on which she was charged, Counts Three and Four. The motions were denied, and the jury found the defendants guilty on all counts. Both defendants filed timely notices of appeal, and the appeals were consolidated in this court.
 
 II
 
 5
 We turn first to the defendants' motions for judgments of acquittal. This court reviews motions for judgments of acquittal based upon insufficiency of the evidence as follows: "viewing the evidence in the light most favorable to the prosecution, is the evidence such that a reasonable mind might fairly find guilt beyond a reasonable doubt." United States v. Ayotte, 741 F.2d 865 (6th Cir.), cert. denied sub nom. Labadie v. United States, 469 U.S. 1076 (1984). This court must consider all of the evidence "in the light most favorable to the prosecution." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Further, circumstantial evidence standing alone is sufficient to support a conviction. United States v. Ashworth, 836 F.2d 260, 263 (6th Cir.1988). "It is not necessary that circumstantial evidence remove every reasonable hypothesis except that of guilt." United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984).
 
 
 6
 * We turn first to Chubb's contentions. Chubb contends that there is insufficient evidence to support his conspiracy and firearm convictions. With respect to the conspiracy conviction, he argues that there is not sufficient evidence to find beyond a reasonable doubt either that there was an agreement to break the law or that he intended to join that conspiracy because, Chubb contends, there is no evidence that he was present at any of the controlled substance transactions. Chubb notes that the informant's description of the person from whom the informant purchased the crack does not comport with Chubb's appearance.[1] Chubb further contends that there is no evidence that he entered into an agreement with McClendon to distribute crack because his mere presence at the apartment is not sufficient to prove that he entered into an agreement with her.[2]
 
 
 7
 To obtain a conviction for conspiracy, the government must prove "the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." United States v. Pearce, 912 F.2d 159, 161 (6th Cir.1990) (quoting United States v. Stanley, 765 F.2d 1224, 1237 (5th Cir.1985)), cert. denied sub nom. Thorpe v. United States, 111 S.Ct. 978 (1991). "No formal or express agreement is required. The agreement may be inferred from the acts done in furtherance of the conspiracy." United States v. Hitow, 889 F.2d 1573, 1577 (6th Cir.1989). Once the existence of the conspiracy is proven, "only slight evidence is necessary to connect a defendant with the conspiracy." Id. The government only needs to show that a "defendant [knew] of the object of the conspiracy, associate[d] himself with it, and knowingly contribute[d] his efforts in its furtherance." Id.
 
 
 8
 In United States v. Pearce, 912 F.2d 159, 162 (6th Cir.1990), cert. denied sub nom. Thorpe v. United States, 111 S.Ct. 978 (1991), this court reversed a conspiracy conviction, holding that the defendant's mere presence at a crime scene at the time of his arrest was not sufficient to support such a conviction. However, the evidence in the case at bar is stronger than the evidence in Pearce. In this case, in addition to the circumstantial evidence provided by Chubb's presence, the police found on Chubb's person pre-recorded funds used by the informant to make the December 20th (the last) purchase of crack, and one of Chubb's fingerprints was discovered on the plate that held the crack cocaine that was seized at McClendon's apartment. Also, though Chubb was unemployed, he was carrying $215.00 in cash at the time he was arrested. Further, he was apprehended inside an apartment where the police had made three controlled purchases of crack cocaine in three days. We believe that a reasonable jury could find, based upon this evidence, that Chubb conspired to possess with intent to distribute cocaine base.
 
 
 9
 Chubb next contends that the government failed to prove the essential elements of his firearm conviction. 18 U.S.C. § 924(c)(1) (1988) provides in relevant part:
 
 
 10
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....
 
 
 11
 The government contends that Chubb did not actually make a Rule 29 motion with respect to the firearm count. Even if Chubb did make such a motion, the evidence was sufficient to support submission of the issue to the jury.
 
 
 12
 This court has held that to prove a firearm offense under § 924, there need not be evidence that the defendant was actually carrying the firearm--it is sufficient to show that the defendant had control of the weapon. United States v. Birmley, 529 F.2d 103, 107-08 (6th Cir.1976). Chubb concedes that this is the law, but contends that there is not sufficient evidence that he controlled the weapon because: he was not carrying the weapon when he was arrested; he was found lying face down in McClendon's bathtub when he was arrested; he had no ammunition on his person at the time of his arrest; Officer Dillon, the only officer to see Chubb holding the revolver, did not have a good view of him when the officer entered the apartment; and other individuals were in the vicinity of the gun at the time the police entered McClendon's apartment and could easily have been in control of the firearm.
 
 
 13
 Officer Dillon testified at trial that he was the first police officer to enter the apartment on December 20. He stated that he was blinded initially by the bright lights in the apartment after he entered, but as his eyes adjusted, he saw a man run from the area between the kitchen and living room toward the bathroom, discarding, as he ran, a "large frame" revolver, which later turned out to be a .44 magnum. The officer said that he pursued the subject into the bathroom and discovered Chubb lying face down in the bathtub.
 
 
 14
 It was not error, based upon this evidence, to send Count Two to the jury under either a plain error or sufficiency of the evidence standard.
 
 B
 
 15
 We turn now to McClendon's insufficiency of the evidence challenge. McClendon contends that there is not sufficient evidence to support her convictions for conspiracy, maintaining a place for storage and use of crack, and for possessing crack with intent to distribute it.
 
 
 16
 First, with respect to the conspiracy conviction, she contends that there is insufficient evidence that she entered into an agreement with Chubb because the mere fact that she was present in the apartment does not support a finding that she knowingly participated in the conspiracy. She also points out that there is no evidence that she was present during the informants' three visits to the apartment or that she participated in the three controlled sales of cocaine base. She further points out that her fingerprints were not found on the plate holding the cocaine base or on any firearms. Further, she notes that there was no pre-recorded money in her possession at the time of her arrest.
 
 
 17
 The government contends that McClendon had to be aware of the activities in the apartment because the apartment was small and because the coffee table on which the plate of cocaine base rested was in such a position that anyone entering or leaving the apartment would have to see it. Further, the government points out that the plate on which the crack cocaine was found was her plate.
 
 
 18
 Although she admitted that she was in and out of the apartment on all three days on which the controlled purchases were made, it is true that the evidence of McClendon's guilt is circumstantial. However, it is well-settled that circumstantial evidence is sufficient to support a conviction. United States v. Greene, 548 F.2d 1261, 1266 (6th Cir.1977). We conclude, without repeating the proved circumstances, that there is sufficient evidence upon which a rational jury could have found that McClendon was part of a conspiracy to possess crack with the intent to distribute it.
 
 
 19
 McClendon next contends that there is insufficient evidence to sustain her conviction for using her apartment as a place to store or use cocaine base. 21 U.S.C. § 856(a)(2) makes it unlawful to
 
 
 20
 manage or control any building, room, or enclosure, either as an owner [or] lessee, ... and knowingly and intentionally rent, lease, or make available for use, with or without compensation, the building, room, or enclosure for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.
 
 
 21
 21 U.S.C. § 856(a)(2) (1988). However, because the apartment is small and because McClendon admitted that she was present at various times during the three days on which the controlled transactions occurred and was present at the time the search warrant was executed, a rational jury could conclude that McClendon knowingly permitted her apartment to be used as a place to store or use crack cocaine.
 
 
 22
 McClendon next contends that no rational jury could have convicted her of aiding and abetting possession with intent to distribute crack cocaine. To be guilty of aiding and abetting, a defendant must associate with a venture and work with it in a manner to make it succeed. United States v. Winston, 687 F.2d 832, 834 (6th Cir.1982).
 
 
 23
 A rational jury could conclude, based upon the evidence recited above, that McClendon associated with Chubb in his venture to possess and distribute crack cocaine. Further, since the cocaine base was in her apartment, it would be reasonable for a jury to conclude that she had constructive possession of it. We conclude that there is sufficient evidence to uphold McClendon's convictions.
 
 III
 
 24
 Chubb next contends that the district court erred when it refused to give an instruction that he requested. As stated above, the two informants who made the controlled purchases of crack from McClendon's apartment were not available to testify at trial. Before the trial, Chubb requested, via a bill of particulars, the names of the two informants, but the government did not disclose their names.[3] Before the jury retired, Chubb requested a jury instruction on missing witnesses. His requested instruction is quoted here in relevant part:
 
 
 25
 [Y]ou have heard some evidence concerning the presence of two confidential informants during the alleged sale of narcotics at the residence of 141 Stevens.[4] You have heard about others in the house during the raid conducted on the 20th of December. If you find that any of those persons was in a position to give relevant evidence as to some material fact or facts in issue, then you may infer from the failure of the government to call such person or persons as a witness or to explain his or her absence, if you deem it proper to do so, you may infer that the testimony of such person would not support the evidence adducted [sic] by the government as to such material fact or facts.
 
 
 26
 J.A. at 19. The district court refused to give this instruction because, it held, the instruction did not apply to the situation in this case.
 
 
 27
 Whether to give an "adverse inference" instruction is largely in the discretion of the district court. United States v. Frost, 914 F.2d 756, 765 (6th Cir.1990). Such an instruction is only appropriate when the party who requests it establishes both elements of a two-part test described by this court in Frost:
 
 
 28
 1) the witness must be "peculiarly within [the opposing party's] power to produce," and 2) the witness' testimony would "elucidate the transaction." Both elements must be present and the analysis must be "strictly applied."
 
 
 29
 Id. (citation omitted).
 
 
 30
 Although it appears that the witnesses were within the government's exclusive power to produce because only the government knew the informants' identities, the government is correct that there was no transaction to elucidate: Chubb and McClendon were charged with conspiracy and possession. The two informants might have been able to testify about the identities of the persons involved in the transactions, but this evidence would not have exculpated Chubb since he was convicted of conspiracy, a firearm offense, and possession with intent to distribute, not distribution. Thus, we conclude that the district court did not abuse its discretion when it refused to give the requested instruction.
 
 IV
 
 31
 McClendon contends that the district court erred when it failed to give an instruction that she requested regarding conspiracy. She asked the district court to instruct the jury that "mere association with conspirators is not enough to establish participation in a conspiracy." The court charged the jury without giving the instruction she requested. The omission is error, she contends, because the evidence adduced at trial merely established that McClendon associated with Chubb, not that she conspired with him.
 
 
 32
 This court has held that "[a] trial court's refusal to give a requested instruction is reversible error only if the instruction is: 1) correct; 2) not substantially covered by the actual jury charge; and 3) so important that failure to give it substantially impairs [the] defendant's defense." United States v. Sassak, 881 F.2d 276, 279 (6th Cir.1989).
 
 
 33
 The instruction actually given by the district court reads as follows:
 
 
 34
 For you to find the defendants guilty of the crime of conspiracy, you must be convinced that the government has proved each of these things beyond a reasonable doubt.
 
 
 35
 First, that an agreement existed between at least two people to commit a federal crime. This does not have to be a formal agreement or plan in which everyone who was involved sat down together and worked out all the details. It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of distributing or possessing with intent to distribute cocaine base. So the first thing that must be shown is the existence of an agreement.
 
 
 36
 Second, the government must prove that the defendants knowingly and intentionally joined in this agreement. Again it is not necessary to find that they agreed specifically to all the details of the crime. So the second thing that must be shown is that the defendants were a part of the conspiracy.
 
 
 37
 J.A. at 36 (emphasis added).
 
 
 38
 McClendon's requested instruction is a correct statement of the law;[5] however, failing to give McClendon's requested instruction was not reversible error for at least two reasons. First, the charge as given by the district court substantially covers the requested instruction because, under the charge, the jury could not convict unless it found that McClendon knowingly and intentionally entered into an agreement to violate the law. Mere association with the conspiracy would not have been enough for the jury to convict her of conspiracy under the instructions that the district court gave.
 
 
 39
 Second, although McClendon's theory at trial was at most that she merely associated with the conspirators, failing to give this instruction did not impair McClendon's defense because the instructions given would have required the jury to acquit her unless the jury had found that she intended to join the conspiracy. Accordingly, we conclude that the district court's failure to give this instruction was not prejudicial to McClendon's defense.
 
 V
 
 40
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Although neither informant testified at trial, one of the Columbus police officers testified as to what the informants told him about the description of the person who sold him the drugs. This person was described as a black male named James. One of the other persons in the apartment at the time of Chubb's arrest was named James Montgomery
 
 
 [2]
 Chubb lived next door to McClendon
 
 
 [3]
 The government did offer to disclose the names of the two informants after the trial had begun, but both defense lawyers refused this offer, asserting that it was too late
 
 
 [4]
 This is the street address of McClendon's apartment
 
 
 [5]
 In fact, a similar instruction is included in this court's pattern instructions. Sixth Circuit Pattern Criminal Jury Instructions § 3.03(3) (1991). However, the pattern instructions are not binding on district courts: they are only a guide. United States v. Wolak, 923 F.2d 1193, 1198 (6th Cir.), cert. denied, 111 S.Ct. 2824 (1991)