39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond L. JONES (93-6107) and John F. Fuller (93-6108),
Defendants-Appellants.
 Nos. 93-6107, 93-6108.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1994.
 
 Before: RYAN and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendants-appellants, Raymond L. Jones and John F. Fuller, appeal their convictions for aiding and abetting each other in the crime of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. We affirm.
 
 I.
 
 2
 The Post Office in Paris, Kentucky, tried twice to deliver a package addressed to "Ray Lawrence" at a Paris street address and bearing a return address of "Eric Serman" at a street address in Hawthorne, California. Both times the occupants of the Paris address denied knowing anyone named Ray Lawrence and refused to accept delivery of the package. The Paris postal authorities then subjected the package to inspection by a trained drug dog which alerted on the package. The authorities obtained a search warrant, opened the package and found among several items of clothing, a package wrapped in dryer sheets, cellophane and brown plastic tape, hidden inside the lining of a leather jacket. A field test indicated that this package contained cocaine. Later laboratory tests confirmed that the substance was approximately 1006 grams of cocaine. The authorities created a substitute package to replace the cocaine, placed it and the other items back in the original package and re-sealed it, instructing the postal employees that only Ray Lawrence, the addressee, was to be permitted to pick up the package.
 
 
 3
 The next day, someone claiming to be Ray Lawrence called the Paris post office, saying that he was in New Jersey and that he wanted to authorize someone to come in and pick up the package for him. When the caller was informed that he would have to come in himself to sign for the package, a second male voice entered the conversation asking why someone else could not sign for the package. The authorities explained that since the signature requirement had not been waived, Ray Lawrence would have to come in and pick up the package himself. This was the end of the conversation.
 
 
 4
 The following day, the defendants appeared at the post office. Defendant Jones identified himself as Ray Lawrence and asked for the package. The postal inspector gave the package to the window clerk, who in turn gave it to defendant Jones. Jones signed for the package, and he and defendant Fuller left the post office and walked through the parking lot, tossing the package back and forth between them. When the defendants reached Jones's car, waiting law enforcement officers surrounded them, took them into custody, read them their rights and searched them and the car. Jones possessed no weapons, and had around $970 in cash on his person. Fuller also had no weapons, but the police seized an electronic diary, $5 in cash, identification, and the coat that Fuller was wearing, which had the name "Erick Sermon" embroidered on the back. The initial search of the car yielded no weapons or other contraband.
 
 
 5
 Shortly after the arrest, Jones was taken to a police processing center where he was again read his rights. Jones then signed a written consent to a search of his apartment and the car. The police first searched the car and then Jones's apartment. While the search of the apartment was in progress, Jones spoke to his attorney who then advised the postal inspector that Jones was withdrawing his consent for the searches. The inspector informed the search team at the apartment that Jones had withdrawn his consent to the search and the search was stopped.
 
 II.
 
 6
 Jones complains first that the district court improperly denied his motion to suppress the evidence gathered in the search of his car. Jones contends that although the consent form which he signed covered both the car and the apartment, he was not made aware that both were covered, and that he did not knowingly consent to the search of his vehicle. The district court, noting that two witnesses observed Jones sign the consent form which contained information relating both to the apartment and the car, concluded that Jones's consent was voluntary and encompassed the vehicle.
 
 
 7
 When reviewing the denial of a motion to suppress, this court must consider the evidence in the light most favorable to the government; we must accept the findings of fact of the district court unless we find clear error. United States v. Garza, 10 F.3d 1241, 1245 (6th Cir.1993). After carefully reviewing the record in this case, we conclude that the district court did not err by refusing to grant the motion to suppress.
 
 
 8
 "A warrantless search conducted pursuant to consent which is 'freely and voluntarily given' does not violate the Fourth Amendment." United States v. McGuire, 957 F.2d 310, 314 (7th Cir.1992) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973)). Despite Jones's arguments to the contrary, the weight of the testimony establishes that Jones was specifically asked for consent to search not only his apartment, but his car as well, and that he voluntarily consented to both searches. Jones advances no allegations that he was threatened, forced, or subjected to promises which led him to sign the form. After examining the totality of the circumstances, we conclude that Jones voluntarily consented to the search of his apartment and his car.[1]
 
 
 9
 In his first allegation of error, Fuller claims that the district court erred by allowing him to be impeached with evidence of his two prior convictions, one of which was a drug trafficking offense, and the other a crime involving deceit. This type of impeachment evidence is admissible pursuant to Fed.R.Evid. 609(a), assuming certain conditions are met. This circuit requires that before a district judge admits impeaching evidence of a prior conviction under Rule 609, the court "must make an on-the-record finding based on the facts that the conviction's probative value substantially outweighs its prejudicial impact." United States v. Meyers, 952 F.2d 914, 917 (6th Cir.), cert. denied, 112 S.Ct. 1695 (1992).
 
 
 10
 The record in this case demonstrates that the question of the impeachment evidence was properly raised before the district judge, who considered the evidence and made an on-the-record finding that the probative value of this evidence far outweighed any prejudicial effect it might have. In addition, the district judge properly admonished the jury that the two prior convictions could not be used for any purpose except determining the credibility of the defendant. It is clear that the district court did not abuse its discretion in admitting evidence of Fuller's two prior convictions for impeachment purposes.
 
 
 11
 Fuller next argues that the evidence adduced at trial was wholly insufficient to support his convictions for attempting to possess with the intent to distribute cocaine, and aiding and abetting. This issue was not preserved for our review, therefore we may reverse only upon a finding of plain error. Reversal for plain error is " 'limited to those harmful ones that are so rank that they should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty, or public reputation of the trial.' " United States v. Driscoll, 970 F.2d 1472, 1485 (6th Cir.1992) (quoting United States v. Causey, 834 F.2d 1277, 1281 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988)), cert. denied, 113 S.Ct. 1056 (1993).
 
 
 12
 In order to prove that Fuller was guilty of the attempted possession charge, the United States had to prove two essential elements: "(1) the intent to engage in the proscribed criminal activity, and (2) the commission of an overt act which constitutes a substantial step towards commission of the proscribed criminal activity." United States v. Pennyman, 889 F.2d 104, 106 (6th Cir.1989). At trial, Fuller himself provided the one piece of key evidence that was his undoing. He testified that he participated in the call with Jones to the Paris Post Office in order to get the package released, and that, "I told the postmaster that my name was Eric Serman and that I was expecting a package coming from Hawthorne, California because it was brought to my attention that that's where it had been sent from." Despite Fuller's efforts to explain away his reasons for making this statement, the jury was entitled to believe that Fuller had in fact used this name to send the package. If the jury believed that Fuller had indeed sent the package, then it was equally entitled to believe that Fuller was fully aware that the package contained cocaine. Therefore, on the basis of this testimony, a rational jury could believe that Fuller possessed the criminal intent necessary for the attempt conviction, and engaged in an overt act by sending the package. In addition, the intent to distribute is easily inferred by the large quantity of cocaine involved here. See United States v. White, 932 F.2d 588, 590 (6th Cir.1991); United States v. Douglas, 874 F.2d 1145, 1154 (7th Cir.), cert. denied, 493 U.S. 841 (1989).
 
 
 13
 In order to prove that Fuller aided and abetted Jones, the government had to show that Fuller knew that Jones was attempting to possess the cocaine with the intent to distribute it and that he assisted Jones in this endeavor. United States v. Pena, 983 F.2d 71, 72 (6th Cir.1993). As this Court recently stated, " '[d]rawing an exact line of sufficient participation [to support a conviction for aiding and abetting], especially in drug distribution cases, is difficult if not impossible.' " United States v. Ledezma, 26 F.3d 636, 641 (6th Cir.) (quoting United States v. Winston, 687 F.2d 832, 834 (6th Cir.1982)), cert. denied, --- S.Ct. ----, 1994 WL 512821 (Oct. 11, 1994). The evidence presented at trial is sufficient to support Fuller's conviction for aiding and abetting. In addition to his testimony referred to above, the evidence showed that Fuller accompanied Jones to the post office to assist in the pick up of the package containing the cocaine. Since, "the essence of the crime of aiding and abetting is the defendant's offering assistance or encouragement to his principal in the commission of a substantive offense," Ledezma, 26 F.3d at 642, Fuller's participation in obtaining the package containing the cocaine is sufficient to support his conviction for aiding and abetting.
 
 
 14
 Finally, Jones and Fuller both contend that at trial the postal inspector made an unconstitutional reference to their post-arrest silence in violation of Doyle v. Ohio, 426 U.S. 610 (1976). In Doyle, the United States Supreme Court held:
 
 
 15
 [I]t does not comport with due process to permit the prosecution during the trial to call attention to [a defendant's] silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony.
 
 
 16
 426 U.S. at 619 (quoting United States v. Hale, 422 U.S. 171, 182-83 (1975) (White, J., concurring). However, the comment defendants complain of was made in direct response to a question posed to the inspector on cross-examination by defense counsel. It has long been the rule of this circuit that when it is the defendant's own counsel--not, as in Doyle, the prosecutor--who elicits testimony concerning post-arrest, post-Miranda silence, Doyle principles are inapplicable. See United States v. Whitley, 734 F.2d 1129, 1137 (6th Cir.1984); Milburn v. Kentucky., No. 91-5211, 1992 WL 7220, at * 3 (6th Cir. Jan. 17, 1992); but see United States v. Patterson, 819 F.2d 1495, 1506 (9th Cir.1987) ("Comment on a defendant's failure to testify, whether by the prosecutor, the court, or a codefendant, is improper"). In addition, "[t]here also was no allegation that the government in any manner attempted to emphasize, highlight, refer to, or utilize the testimony elicited by ... counsel." Whitley, 734 F.2d at 1137. Here, the comment complained of was so unremarkable that defendant's own trial counsel did not object to or take note of it in any way. Because no objection was made by defense counsel, we can only reverse on a finding of plain error. Fed.R.Crim.P. 52(b). Any error that resulted from the admission of the inspector's testimony cannot possibly rise to this level.
 
 III.
 
 17
 For the foregoing reasons, the convictions of appellants Raymond Jones and John Fuller are AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Jones's counsel also appears to raise an argument in relation to whether Jones knew that he had a right to refuse to allow the searches of his apartment and car. This argument was not raised at the suppression hearing; and, it is undisputed that Jones was advised of his rights