107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Ray WILLIAMS, Defendant-Appellant.
 No. 95-4055.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1997.
 
 Before: SILER and BATCHELDER, Circuit Judges, and HULL, District Judge.*
 BATCHELDER, Circuit Judge.
 
 
 1
 Defendant was indicted on one count of conspiracy to distribute and to possess with the intent to distribute cocaine and/or cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 864; five counts of knowing and intentional distribution of cocaine and/or cocaine base, and aiding and abetting as to four of those counts in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A jury found him guilty on the five substantive drug trafficking offenses. Defendant, through appointed counsel, now appeals his conviction, claiming only that the district court erred in denying his motion for judgment of acquittal on grounds of insufficient evidence.[1] We affirm the judgment of the district court.
 
 
 2
 We review de novo the denial of a motion under FED.R.CRIM.P. 29 for judgment of acquittal. United States v. Gibson, 896 F.2d 206, 209 (6th Cir.1990). Rule 29(a) requires the district court to grant the motion if "the evidence is insufficient to sustain a conviction of such offense or offenses." The standard of review for claims of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 3
 We have carefully reviewed the parties' briefs and the record, and we find that defendant's claims of error are without merit. The defendant's contention that the evidence was insufficient to convict him on Count 2 because he was not physically present when the sale occurred and was not in physical possession of the drugs sold misses the mark. Defendant was charged with aiding and abetting as to that offense, and the evidence was ample to permit the jury to conclude that defendant had arranged the sale. "It is a well recognized rule that to be found guilty of the crime of aiding and abetting in a criminal venture, a defendant must" 'in some sort associate himself with the venture that he participate in it as in something he wishes to bring about, seek by his action to make it succeed.' " United States v. Winston, 687 F.2d 832, 834 (6th Cir.1982) (quoting Nye & Nissen v. United States, 336 U.S. 613, 619 (1949). Here, as was the case in Winston, "[d]rawing an exact line of sufficient participation, especially in drug distribution cases, is difficult if not impossible. We conclude, however, that the conduct of appellant was over any such line that might be drawn." Id. Defendant's contention that the evidence on the other counts was insufficient does not merit discussion.
 
 
 4
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 We note that defendant has filed pro se a "Supplement to Motion of Appeal," claiming that his conviction should be reversed because the government's conduct was outrageous and violated defendant's Sixth and Fourteenth Amendment rights. Specifically, defendant claims that the United States has "abusively appropriated the grand jury as a tool to secure an unwarranted indictment against the defendant," and has "secured the indictment in a retaliatory or vindictive manner." These claims are wholly without factual or legal support and merit no discussion